**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| In re: | Chapter 15 |
| Pantech Co. Ltd. | Case No. _____ |
| Debtor in a Foreign Proceeding | |

**MEMORANDUM OF LAW IN SUPPORT OF (1) VERIFIED PETITION UNDER CHAPTER 15 FOR RECOGNITION OF A FOREIGN MAIN PROCEEDING AND (2) APPLICATION FOR TEMPORARY RESTRATING ORDER AND PRELIMINARY AND PERMANENT INJUNCTION**

## <u>TABLE OF CONTENTS</u>

**Page**

JURISDICTION ................................................................................................ 5

VENUE.............................................................................................................. 5

PRELIMINARY STATEMENT ........................................................................ 5

I.      BACKGROUND .................................................................................... 6

   A.   Pantech's Business ......................................................................... 6

   B.   Pantech's Capital Structure ........................................................... 6

II.     RECOGNITION OF PANTECH CO.'S FOREIGN REPRESENTATIVE AND
FOREIGN MAIN PROCEEDING IS APPROPRIATE. ..................................... 7

   a.   Mr. Lee May Be Recognized as Pantech Co.'s Foreign Representative. ...................... 7

   b.   The Korea Proceeding is a Foreign Proceeding .................................. 8

   c.   The Korea Proceeding is a Foreign Main Proceeding .......................... 10

   d.   The Petitioner is Entitled to Relief Pursuant to Section 1517 ................ 12

III.    THE ISSUANCE OF PROVISIONAL RELIEF INCLUDING IMPOSITION OF AN
AUTOMATIC STAY TO PROTECT PANTECH IS APPROPRIATE .............................. 13

   a.   Pantech Satisfies All Requirements for Temporary and Permanennt Injunctive
Relief ..................................................................................... 15

   1.   Likelihood of Success on the Merits ............................................ 17

   2.   Irreparable Harm .................................................................. 17

   3.   Balance of Hardships .............................................................. 19

   4.   Public Interest ..................................................................... 19

IV.    THE PROPOSED NOTICE AND HEARING ON RECOGNITION ....................... 20

CONCLUSION ................................................................................................ 21

## **TABLE OF AUTHORITIES**

**Cases**

*Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009) .................................................................................................................................... 16

*Cornfield v. Investors Overseas Servs., Ltd.*, 471 F. Supp. 1255, 1259 (S.D. N.Y. 1979) .......... 13

*Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210.............. 16

*In re Bear Stearns High-Grade Structured Credit Strategies Master Fund* ("*In re Bear Stearns*"), 374 B.R. 122, 127 (Bankr. S.D.N.Y. 2007), aff'd 389 B.R. 325 (S.D.N.Y. 2008) ................. 11

*In re Betcorp Ltd.*, 400 B.R. 266 (Bankr. D. Nev. 2009) ............................................................... 8

*In re British Am. Ins. Co.*, 425 B.R. 884, 902 (Bankr. S.D. Fl. 2010) .................................... 10, 12

*In re British Am. Isle of Venice (BVI) Ltd.*, 441 B.R. 713, 720 (Bankr. S.D. Fl. 2010) .............. 11

*In re Canada Ltd.*, 2009 WL 1025090 (Bankr. D. N.J. 2009) .................................................. 10, 11

*In re Commonwealth Oil Refining Co.*, 805 F.2d 1175, 1188 (5th Cir. 1986) ...................... 14, 15

*In re Cry stall ex Int'I Corp.*, No. 11-14074 (Bankr. D. Del. Dec. 28, 2011) ............................ 14

*In re Daewoo Logistics Corp.*, 461 B.R. 175, 177 (Bankr. S.D. N.Y. 2011) ............................... 12

*In re Gercke*, 122 B.R. 621, 626 (Bankr. D.D.C 1991) ................................................................. 18

*In re Grant Forrest Prods. Inc.*, No. 10-11132 (Bankr. D. Del. Apr. 19, 2010) ........................ 15

*In re Ho Seok Lee*, 348 B.R. 799, 802 (Bankr. W.D. Wash. 2006) ............................................. 14

*In re Ionesphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990) .................................................. 13

*In re Japan Airlines Corp.*, No. 10-10198 (Bankr. S.D.N.Y. Jan. 28, 2010) .............................. 17

*In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988) ................................................................ 18

*In re Loy*, 380 B.R. 154, 161 (Bankr. E.D. Va. 2007) .................................................................. 8

*In re MMG LLC*, 256 B.R. 544, 552 (Bankr. S.D.N. Y. 2000) ..................................................... 17

*In Re Palmdale Hills Property, LLC*, 423 N.R. 655, 663 (9th Cir. BAP 2009) ......................... 14

*In re Pierce*, 435 F.3d 891, 892 (8th Cir. 2006) ........................................................................ 21

*In re R&G Fin. Corp.*, 441 B.R. 401,  411 (Bankr. D.P.R. 2010) ............................................... 17

*In re TMT Procurement Corp..*, No. 13-33763 (Bankr. S.D. Tex. 2014) ................................... 19

*In re Tradex Swiss AG*, 384 B.R. 34, 43 (Bankr. D. Mass. 2008). .............................................. 11

*In re Transtexas Gas Corp.*, 303 F.3d 571 (5th Cir. 2002) ....................................................... 19

*In re Tri-Continental Exch. Ltd.*, 349 B.R. 627, 629 (Bankr. E.D. Cal. 2006)........................... 11

*In re Vitro*, 455 B.R. 571 (Bankr. N.D. Tex. 2011) .............................................................. 14, 15

*In re W.R. Grace & Co.*, 386 B.R. 17, 33 (Bankr. D. Del. 2008)............................................... 19

*In re Wellpoint Sys. Inc.*, No. 11-10423 (Bankr. D. Del. Feb. 11, 2011)................................... 14

*In re WorldCom, Inc.*, 2003 WL 22025051, at *3 (Bankr. S.D.N.Y. Jan. 30, 2003) ................. 14

*Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004)................................. 20

*Nevada Power Co. v. Calpine Com.* (*In re Calpine Corp.*), 365 B.R. 401, 410 (S.D.N.Y. 2007) 17

*Royal v. Reese*, No. 1:14-cv-0025-WSD, 2014 WL 49872, at *2 (N.D. Ga. Jan. 7, 2014)......... 15

*Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*) ...................................... 16, 20

*Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987)..................... 18

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008)...................................... 15

**Statutes**

11 U.S.C. § 101(23) ................................................................................................................. 9, 10

11 U.S.C. § 105(a) ................................................................................................................. 14, 19

11 U.S.C. § 1501 (a)(l)(B)-(a)(4) ................................................................................................. 18

11 U.S.C. § 1502(4) ............................................................................................. 11
11 U.S.C. § 1506 ................................................................................................. 12
11 U.S.C. § 1516(c) ............................................................................................ 11
11 U.S.C. § 1517 ........................................................................................... 10, 12
11 U.S.C. § 1519 ........................................................................................... 13, 14
11 U.S.C. § 1520(a)(1) ........................................................................................ 17
11 U.S.C. §101(24) ............................................................................................... 8
11 U.S.C. §1521 ............................................................................................. 8, 14
11 U.S.C. §362 ...................................................................................................... 8
28 U.S.C. § 1334 ................................................................................................... 5
28 U.S.C. § 1410 ................................................................................................... 5
28 U.S.C. § 157(b)(2) ........................................................................................... 5
Fed. R. Bankr. P. 1011(b) ............................................................................. 18, 19
Fed. R. Bankr. P. 2002(q)(l). ........................................................................ 18, 19
Fed. R. Bankr. P. 9007 .................................................................................. 18, 19

## JURISDICTION

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157 and § 1334.

This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

## VENUE

2.   Venue is proper pursuant to 28 U.S.C. § 1410.

## PRELIMINARY STATEMENT

3.       Mr. Joonwoo Lee ("Mr. Lee") in his capacity as  the foreign representative (the

"Petitioner") of Pantech Co. Ltd. (the "Debtor" or "Pantech"), a debtor in a civil rehabilitation

proceeding under Korean law (the "Korea Proceeding"), currently pending before the Seoul

Central District Court, Third Bankruptcy Division (the "Seoul Court"), submits this

Memorandum in support of his petition ("the Petition") under Chapter 15 of title 11 of the United

States (the "Bankruptcy Code") seeking recognition as a foreign representative, recognition of

the Korea Proceeding as a foreign main proceeding, and entry of an order substantially in the

form attached to the Verified Petition for Recognition and Chapter 15 relief as Exhibit A (the

"Recognition Order"), and in support of his Application for an Order Granting Provisional Relief

Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code, Scheduling Recognition Hearing,

and Specifying Form and Manner of Notice (the "Application").

4.       There are currently 15 actions pending against the Debtor in the United States in

which there are near-approaching court appearances and deadlines. The Debtor's continued

participation in these lawsuits during the short time before the Court rules on this Petition

would divert resources away from the administration of the Korea Proceeding.  Therefore,

the Application seeks a stay of these actions to avoid irreparable harm to the orderly

administration of the Korea Proceeding.

## I.    **BACKGROUND**

### A.    ***Pantech's Business***

5.  Pantech is a Korea manufacturer of mobile devices, which it also sells.  Pantech was

founded in 1991.

### B.    **Pantech's Capital Structure**

6.  The Debtor was listed on the Seoul Exchange in August 1997 and delisted on April 25,

2007.  The number of Debtor's outstanding shares is 528,169,664 ordinary shares (500 Korean

won per share) and the paid-in capital is 264,084,832,000 KRW.  Currently, 199,713,620 shares

(37.81%) are owned by 9 financial institutions affiliated to committee of shareholders and other

major shareholders are Qualcomm (11.96%), Korea Development Bank (11.81%), and Samsung

Electronics Co., Ltd (10.03%).

7.  Pantech experienced initial financial difficulties and underwent a workout procedure.

This workout lasted from December 2006 to December 2011 and was undertaken in accordance

with the Corporate Restructuring Promotion Act of the Republic of Korea.

8.  Pantech underwent another workout in March, 2014 under the same law. In August

2014, Pantech filed an application for rehabilitation procedures.   Pantech's latest financial

difficulty was caused by a drop in sales due to intensifying competition among mobile device

manufacturers and market saturation in mobile device sales since 2012.  In addition, Pantech

experienced a dramatic drop in domestic sales because the Korea Communications Commission imposed a suspension on Pantech's customers, the mobile network carriers, in March 2014. The suspension adversely affected Pantech and produced a significant strain on cash flow. In the middle of its March, 2014 workout, Pantech found it difficult to repay liabilities to contractors in the repayment period. This setback led Pantech to seek judicially-supervised Rehabilitation.

9. On August 12, 2014, Pantech filed an application for rehabilitation procedures under Article 34 paragraph (1) of Debtor Rehabilitation and Bankruptcy Act ("Rehabilitation Act"). The Seoul Central District Court, Third Bankruptcy Division, issued a decision (2014HOEHAP(회합)100098) sending Pantech into court receivership, stating that it found no grounds for turning down Pantech's application filed for commencing rehabilitation procedures under Article 42 subparagraphs of the Rehabilitation Act.

10. During the Rehabilitation, Pantech requires a stay of all United States litigation.

Ongoing U.S. litigation drains Pantech of its resources and attention away from its Rehabilitation efforts. Accordingly, Pantech submits this verified petition for recognition of the Korea action under the Rehabilitation Act as a foreign main proceeding pursuant to §1521 of Bankruptcy Code, with the accompanying protections, including the automatic stay pursuant to §362 of the Bankruptcy Code.

## II. RECOGNITION OF PANTECH CO.'S FOREIGN REPRESENTATIVE AND FOREIGN MAIN PROCEEDING IS APPROPRIATE.

### a. Mr. Lee May Be Recognized as Pantech Co.'s Foreign Representative.

1. The term "foreign representative" is defined in §101(24) if the Bankruptcy Code as follows:

> The term 'foreign representative' means a person or body, including a person or
> body appointed on an interim basis, authorized in a foreign proceeding to
> administer the reorganization of the liquidation of the debtor's assets or affairs
> or to act as a representative of such foreign proceeding.

11 USC § 101(24); *see also In re Loy*, 380 B.R. 154, 161 (Bankr. E.D. Va. 2007)

2.      As set forth in the Custodian's Declaration and in the attached decision of the

Seoul Court, the Seoul Court appointed Mr. Lee, the CEO of Pantech, as Pantech's Custodian.

The Custodian's appointment is pursuant to Article 74, paragraph 4 of the Rehabilitation Act.  On

October 16, 2014, Mr. Lee, pursuant to the powers conferred upon him under the Rehabilitation

Act and by order of the Seoul Court, files this Chapter 15 case as the foreign representative of

Pantech Co.  A true and correct copy of the Seoul Court's decision, accompanied by a true and

correct copy of its translation, is attached as Exhibit A and the Pantech Co. Board of Directors'

corporate resolution is attached as Exhibit B to the Lee Declaration.  Mr. Lee thus qualifies as a

foreign representative under § 101(24).

### b.  <u>**The Korea Proceeding is a Foreign Proceeding**</u>

3.      The Bankruptcy Code defines a "foreign proceeding" as "a collective judicial or

administrative proceeding in a foreign country, including an interim proceeding, under a law

relating to insolvency or adjustment of debt in which proceeding the assets and affairs of the

debtor are subject to control or supervision by a foreign court, for the purpose of reorganization

or liquidation." 11 USC § 101(23).

4.      In *In re Betcorp Ltd*., 400 B.R. 266 (Bankr. D. Nev. 2009), the Bankruptcy Court

for the District of Nevada analyzed what constitutes a foreign proceeding.  Noting that Chapter

15 "incorporate[s] the Model Law on Cross-Border Insolvency," the court explained that judicial

interpretation of the term "foreign proceeding" requires the court to "consider its international

origin . . . ."  Id. at 275-76 (quoting section 15008).

> To fall within the scope of the Model Law, a foreign insolvency proceeding needs to possess certain attributes. These include the following basis in insolvency-related law of the originating State; involvement of creditors collectively; control of supervision of the assets and affairs of the debtor by a court or another official body; and reorganization or liquidation of the debtor as the purpose of the proceedings…

400 B.R. at 276 (quoting UNCITRAL Model Law on Cross-Border Insolvency with Guide To Enactment, ¶ 32 at 10).

5.      A court will examine whether a proceeding meets the following requirements that constitute a foreign proceeding within the meaning of 11 U.S.C. § 101(23): "(i) a proceeding; (ii) that is either judicial or administrative; (iii) that is collective in nature; (iv) that is in a foreign country; (v) that is authorized or conducted under a law related to insolvency or the adjustment of debts; (vi) in which the debtor's assets and affairs are subject to the control or supervision of a foreign court; and (vii) which proceeding is for the purpose of reorganization or liquidation." *In re Betcorp Ltd.*, 400 B.R. at 277.

6.      Pantech's Korea Proceeding meets all of the criteria set forth in § 101(23) and the aforementioned cases, and is entitled to recognition as a "foreign proceeding" under Chapter 15.

7.      ***First***, the Korea Proceeding is a "proceeding," as it was initiated by the filing of the petition to commence reorganization proceedings. *See* Lee Decl.

8.      ***Second***, the Korea Proceeding is "judicial," as the Seoul Court has exercised its supervisory powers by initiating rehabilitation procedures for Pantech that the Seoul Court is supervising. *See* Lee Decl. Ex. C.

9.      ***Third***, the Korea Proceeding is "collective in nature" because all affected creditors are involved. *See* Lee Decl. Ex. A (setting date for all creditors and interested parties to appear before the Seoul Court) & Ex. C (itemizing all affected creditors). A proceeding is collective if it is "instituted for the benefit of creditors generally, rather than for a single creditor

or class of creditors." *In re British Am. Ins. Co.*, 425 B.R. 884, 902 (Bankr. S.D. Fl. 2010). Here, the Korea Proceeding meets this requirement, as it was instituted to adjudicate the rights of all affected creditors.

10.     **Fourth**, the Korea Proceeding is pending in the Republic of Korea, a foreign country.

11.     **Fifth**, the Korea Proceeding is governed by the Rehabilitation Act, which was initially modeled on Chapter X of the United States Bankruptcy Act of 1898 and was amended in 2002 to facilitate more expeditious procedure. The Rehabilitation Act is intended to be used for the rehabilitation and reorganization of large corporate debtors.

12.     **Sixth**, Pantech's assets are subject to court-appointed supervision.

13.     **Seventh**, the objective of the Korea Proceeding is rehabilitation of the Debtor. *See In re Canada Ltd.*, 2009 WL 1025090 (Bankr. D. N.J. 2009) (granting chapter 15 recognition to a Canadian receivership proceeding).

14.     As all of the criteria required by § 101(23) are satisfied, this Court should recognize the Korea Proceeding as a "foreign proceeding" as required by § 1517 of the Bankruptcy Code.

c.     **The Korea Proceeding is a Foreign Main Proceeding**

15.     The Korea Proceeding is also a "main" proceeding. A "foreign main proceeding" is defined as a "foreign proceeding" pending in the country where the debtor has the center of its main interests. *See* 11 USC. § 1502(4). Section 1516(c) provides a presumption that, "in the absence of evidence to the contrary, the debtor's registered office" "is presumed to be the center of the debtor's main interests." 11 USC. § 1516(c); see also *In re Bear Stearns High-Grade Structured Credit Strategies Master Fund* ("*In re Bear Stearns*"), 374 B.R. 122, 127 (Bankr.

S.D.N.Y. 2007), *aff'd* 389 B.R. 325 (S.D.N.Y. 2008); *In re Tradex Swiss AG*, 384 B.R. 34, 43

(Bankr. D. Mass. 2008).

16.     Although the phrase "center of main interests" ("COMI") is not defined explicitly

in the Bankruptcy Code, courts have generally equated COMI to the location of the debtor's

principal place of business. *See In re Bear Stearns*, 389 B.R. at 336 (citing *In re Tri-Continental

Exch. Ltd.*, 349 B.R. 627, 629 (Bankr. E.D. Cal. 2006)).  The Bankruptcy Code provides that

"[i]n the absence of evidence to the contrary, the debtor's registered office, or habitual residence

in the case of an individual, is presumed to be the center of the debtor's main interests." 11 U.S.C.

§ 1516(c). This presumption may only be overcome by evidence that the debtor's registered

office is not its COMI.

17.     Courts consider several factors to determine a debtor's COMI. These factors are:

"the location of the debtor's headquarters; the location of those who actually manage the debtor;

the location of the debtor's primary assets; the location of the majority of the debtor's creditors

or of a majority of the creditors who would be affected by the case; and/or the jurisdiction whose

law would apply to most disputes." *In re British Am. Isle of Venice (BVI) Ltd.*, 441 B.R. 713, 720

(Bankr. S.D. Fl. 2010) (citation omitted).

18.     By these criteria, Pantech's COMI is clearly South Korea.  Pantech's registered

office is located in Seoul, Korea. All Pantech's personnel, including its Chief Executive Officer,

reside in Korea.  *See* Lee Decl.  Furthermore, Pantech's headquarters is located in Seoul, Korea,

and so are its books, records, and accounting and business computer systems. *See In re Canada

Ltd.*, 2009 WL 1025090 (holding that Canada was the COMI of the chapter 15 debtor based on

Chapter 15 debtor's evidence showing the company was incorporated in Canada, its headquarters

are in Canada, and that its books, records, accounting, and business computer systems are in

Canada).   Here, the evidence shows that Korea is Pantech's COMI.  The majority of Pantech's

creditors or the majority of creditors who would be affected by the case resides in Korea.  *See*

Lee Declaration and Rule 1004 List. Thus, because the Korea Proceeding is pending in Pantech's

COMI, it qualifies for recognition as a foreign main proceeding pursuant to section 1517 of the

Bankruptcy Code.


### d.    The Petitioner is Entitled to Relief Pursuant to Section 1517

19.    Section 1517 states that an order recognizing a foreign proceeding "shall be

entered" if all of the requirements for recognition have been met. See 11 USC. § 1517. If all of

the requirements for recognition are satisfied, recognition under section 1517(a) and (b) is

mandatory, unless granting recognition would be fundamentally against public policy pursuant to

section 1506 of the Bankruptcy Code. *See In re British Am. Ins. Co.*, 488 B.R. 205, 240 n.43

(Bankr. S.D. Fl. 2013) (stating that "section 1506 permits the Court to refuse to grant requested

relief when the action would be manifestly contrary to the public policy of the United States.");

*but see Lavie v. Ran* (*In re Ran*), 607 F.3d 1017, 1022 (5th Cir. 2010) (explaining that the public

policy exception to recognition applies only in "exceptional circumstances concerning matters of

fundamental importance for the United States.").

20.    Courts grant Chapter 15 recognition as foreign main proceedings to proceedings

commenced under the Rehabilitation Act. *E.g. In re Daewoo Logistics Corp.*, 461 B.R. 175, 177

(Bankr. S.D. N.Y. 2011) (stating that the court had earlier granted Chapter 15 recognition to

Daewoo Logistics Corp, a Korean company that applied for rehabilitation under the

Rehabilitation Act).  Inferentially, these are not manifestly against US public policy.   The Korea

Proceeding satisfies all of the requirements to be designated as a foreign main proceeding, and recognition should therefore be granted.

### III. THE ISSUANCE OF PROVISIONAL RELIEF INCLUDING IMPOSITION OF AN AUTOMATIC STAY TO PROTECT PANTECH IS APPROPRIATE

Issuance of provisional relief would be consistent with one of the fundamental goals of the Bankruptcy Code, which is the centralization of disputes involving the debtor. *In re Ionesphere Clubs, Inc.*, 922 F.2d 984, 989 (2d Cir. 1990). Courts follow a "firm policy . . . of staying actions against a corporation which is the subject of a bankruptcy proceeding in another jurisdiction." *Cornfield v. Investors Overseas Servs., Ltd.*, 471 F. Supp. 1255, 1259 (S.D.N.Y. 1979).

21.     As set forth above, it is likely that Pantech will be successful in obtaining an order under section 1517 recognizing Mr. Lee as its foreign representative and the Korea Proceeding as a foreign main proceeding. Section 1519( a) provides, in pertinent part:

> From the time of filing a petition for recognition until the court rules on the petition, the court may, at the request of the foreign representative where relief is urgently needed to protect the assets of the debtor or in the interests of the creditors, grant relief of a provisional nature, including –
>
> (1)     staying     execution     against     the     debtor's     assets;
>
> (2) entrusting the administration or realization of all or part of the debtor's assets located in the united states to the foreign representative or another person authorized by the court, including an examiner, in order to protect and preserve the value of assets that, by their nature or because of other circumstances, are perishable, subject to devaluation or otherwise in jeopardy...

22.     The standards applicable to an injunction apply to the relief to be granted under section 1519(a). See 11 USC. § 1519 (e). After recognition, Pantech will be entitled to the protection of the automatic stay of section 362 pursuant to section 1521 (a)(1). It is therefore

appropriate to issue provisional automatic stay relief pending the issuance of the Recognition

Order, to ensure that Pantech, its United States assets, and the Korea Proceeding are protected

pending issuance of that stay.  *See In Re Palmdale Hills Property, LLC*, 423 N.R. 655, 663 (9th

Cir. BAP 2009) (citing *In re WorldCom, Inc*., 2003 WL 22025051, at *3 (Bankr. S.D.N.Y. Jan. 30,

2003)) (noting that the automatic stay prevents "piecemeal dismemberment" of the bankruptcy

estate).

23.    Section 1519 of the Bankruptcy Code expressly permits the Court to grant "relief

of a provisional nature" from the time of a petition for recognition until the time that the court

rules on that petition, where such relief is "urgently needed to protect the assets of the debtor or

the interest of the creditors." 11 USC. § 1519(a). Additionally, pursuant to section 105(a), this

Court has broad authority to "issue any order ... that is necessary or appropriate to carry out the

provisions of [the Bankruptcy Code]." 11 USC. § 105(a).

24.    In order to receive automatic relief on a provisional basis pursuant to sections

105(a) and 1519(a) of the Bankruptcy Code, a debtor must comply with the standards governing

the issuance of a preliminary injunction. *See, e.g*., *In re Vitro*, 455 B.R. 571 (Bankr. N.D. Tex.

2011) (citing *In re Commonwealth Oil Refining Co*., 805 F.2d 1175, 1188 (5th Cir. 1986))

("injunctions issued under § I 05 outside of a plan of reorganization may be granted only "under

the usual rules for the issuance of an injunction.'"")); *In re Ho Seok Lee*, 348 B.R. 799, 802

(Bankr. W.D. Wash. 2006) (noting that section 1519 authorizes discretionary relief during the

period between petition filing to petition recognition); *see also In re Wellpoint Sys. Inc*., No. 11-

10423 (Bankr. D. Del. Feb. 11, 2011) (applying preliminary injunction requirements and granting

provisional relief to debtor pursuant to sections I 05 and 1519*); In re Cry stall ex Int'I Corp*., No.

11-14074 (Bankr. D. Del. Dec. 28, 2011) (same); *In re Grant Forrest Prods. Inc*., No. 10-11132

(Bankr. D. Del. Apr. 19, 2010) (same). For the reasons set forth above, Petitioner has established

that he is likely to succeed on his petition to have the Korea Proceeding recognized as a foreign

main proceeding and himself recognized as foreign representative. Further, as set forth below,

Pantech will suffer irreparable harm is such relief is not granted and all equities and public policy

weigh in favor of the granting of such relief.

### a.      Pantech Satisfies All Requirements for Temporary and Permanent Injunctive Relief

25.      Pantech has complied with all of the requirements for an injunction, and should

therefore be afforded provisional relief, including in the form of an automatic stay as to the US

Litigation Matters. Generally, in deciding whether to grant an injunction, courts in the Fifth

Circuit consider four factors: (i) whether the movant has shown a reasonable probability of

success on the merits; (ii) whether the movant will be irreparably injured by denial of the relief;

(iii) whether granting preliminary relief will result in even greater harm to the nonmoving party;

and (iv) whether granting the preliminary relief will be in the public interest. In re Vitro, 455 B.R.

at 580 (citing *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008); see also *In

re Commonwealth Oil*., 805 F .2d at 1188.

### i.      The Custodian Satisfies the Requirements for a TRO

26.      The Custodian meets the requirements for a temporary restraining under Rule

65(b) of the Federal Rules of Civil Procedure, which is made applicable in this case by Rule

7065 of the Bankruptcy Rules.  *See* Fed. R. Bankr. P. 7065.  Pursuant to Rule 65(b) of the

Federal Rules of Civil Procedure, in order to obtain an ex parte temporary restraining order, the

movant must show that irreparable injury is so imminent that notice and a hearing would be

impractical, if not impossible. *Royal v. Reese*, No. 1:14-cv-0025-WSD, 2014 WL 49872, at *2

(N.D. Ga. Jan. 7, 2014).   Faced with the prospect of no payment, it is reasonable to expect creditors to pursue litigation against the Company/and or to take action with respect to the Company's property in the United States.   Once the Korean Proceeding is recognized as a foreign main proceeding, the Company will have the benefit of the automatic stay; however, a recognition order may not be entered until at least 21 days' notice has been given.  *See* 11 U.S.C. § 1520(a)(1); Fed. R. Bankr. P. 2002(q)(1).

27.     It is imperative to protect the Company's assets during the interim period prior to the recognition hearing lest the Company suffer irreparable harm.  As discussed in the following section, the Custodian has satisfied the standards for injunctive relief.  Therefore, section 1521 of the Bankruptcy Code expressly authorizes the Court to grant the requested relief upon recognition of the Korean Proceeding.

### ii.     The Custodian Satisfies the Requirements of a Preliminary Injunction

The Eleventh Circuit has set forth the following standards for injunctive relief: (1) a substantial likelihood of success on the merits of the underlying case, (2) irreparable harm to the applicant absent issuance of an injunction, (3) the harm suffered by the movant in the absence of an injunction would exceed the harm suffered by an opposing party if the injunction issued, and (4) an injunction would not disserve the public interest.  *Citizens for Police Accountability Political Comm. v. Browning*, 572 F.3d 1213, 1217 (11th Cir. 2009) (citation omitted); *see also Four Seasons Hotels and Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) citing *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (*en banc*).

### 1. **Likelihood of Success on the Merits**

28.    Because it is likely that Pantech's Korea Proceeding will be recognized as a foreign main proceeding, at which point the section 362 automatic stay will protect its US assets, success on the merits has been demonstrated. See. e.g., *In re MMG LLC*, 256 B.R. 544, 552 (Bankr. S.D.N.Y. 2000) (likelihood of success on merits was demonstrated where it was likely that court would grant comity to debtor's foreign insolvency proceeding).

### 2. **Irreparable Harm**

29.    Pantech will face immediate and irreparable harm if the US Litigation Matters are not stayed. If the litigation matters listed in Exhibit B in the List Filed Pursuant to Fed. R. Bankr. Proc. 1007(A)(4) are allowed to proceed in any respect, Pantech personnel will likely need to spend substantial time preparing for and attending depositions, preparing responses to discovery requests, and working with counsel and experts to draft expert reports. *See Nevada Power Co. v. Calpine Com.* (*In re Calpine Corp.*), 365 B.R. 401, 410 (S.D.N.Y. 2007) (enjoining creditor from litigating against Chapter 11 debtor's guarantor because debtor would be forced to aid guarantor's defense, causing "significant burden and distraction of key employees from its restructuring efforts"); *In re R&G Fin. Corp.*, 441 B.R. 401,  411 (Bankr. D.P.R. 2010) (irreparable harm found where "[ d]ebtor would be the entity legally and financially responsible in providing not only all the legal costs of [subsidiary's] defense . . .  but also its limited managerial resources would also be diverted in assisting towards the preparation for such proceedings"); *In re Japan Airlines Corp.*, No. 10-10198 (Bankr. S.D.N.Y. Jan. 28, 2010) (irreparable harm shown where Chapter 15 debtor's US assets could be subject to creditors' efforts to control or possess such assets).

30.     Pantech's defense of the listed actions will continue if there is no provisional stay, even though the automatic stay will be in place upon recognition of the Korea Proceeding in the near future. This will further distract from the rehabilitation effort and result in a diversion of resources that otherwise could be available for the benefit of all creditors. Courts have held that "the premature piecing out of property involved in a foreign liquidation proceeding constitutes irreparable injury." *In re Lines*, 81 B.R. 267, 270 (Bankr. S.D.N.Y. 1988). Harm to an estate exists where the orderly determination of claims and the fair distribution of assets are disrupted. *See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709, 714 (2d Cir. 1987). Finally, a court has found irreparable harm in a case in which allowing litigation to go forward would (i) threaten the assets of a foreign estate, (ii) subject a foreign representative to a default judgment, and/or (iii) divert funds needed for the purpose of maximizing value for the estate's creditors. *In re Gercke*, 122 B.R. 621, 626 (Bankr. D.D.C 1991).

31.     Under the Korea Court order, the stay that is in place in the Korea Proceeding extends to all assets wherever located, including assets located in the United States. The Petitioner is requesting this Court's assistance to stay any action or proceedings by creditors in the United States, in order to fulfill the reorganization goals of the Korea Proceeding.

32.     Pantech's successful rehabilitation requires that the claims of all creditors, wherever situated, be resolved as part of the foreign proceeding. Allowing the US Litigation Matters to go forward thus prejudices other creditors of Pantech, whose claims will be heard in the Korea Proceeding. Given Pantech's current liquidity concerns, all potential savings are necessary to Pantech's reorganization effort and cannot be diverted to litigation costs at this time. Pantech also requires the stewardship of its key employees in the Korea Proceeding. These employees, including Mr. Lee, cannot be distracted by attending depositions, preparing discovery,

and otherwise overseeing the US Litigation Matters. In short, if the relief sought in the

Application is not granted, it is likely that Pantech's estate will be substantially diminished.

### 3.    **Balance of Hardships**

33.    The balance of the hardships decidedly favors Pantech, because the other parties

to the US Litigation Matters will suffer little or no harm as a result of the requested stay of the

proceedings. This Court will simply be providing the same relief to Pantech that will be granted

upon recognition of the Korea Proceeding pursuant to section 1520(a)(l ). As a result, plaintiffs in

the US Litigation Matter will also benefit from the requested provisional stay because it will also

prevent the wasting of their resources before the stay under section 1520(a)(l) comes into place.

Certainly, no creditor or party to the US Litigation Matters will be harmed if Pantech is granted

the full benefit of a breathing period to allow it to focus on its restructuring efforts without the

distraction that would result if the US Litigation Matters were to proceed. See also *In re W.R.*

*Grace & Co.*, 386 B.R. 17, 33 (Bankr. D. Del. 2008) (weighing potential harms and finding that

"relative hardship of the parties favors the [d]ebtors").

### 4.    **Public Interest**

34.    Granting the Application is clearly in the public interest because provisional relief

requested by the Petitioner advances the express purpose of Chapter 15. See 11 USC. §§ 1501

(a)(l)(B)-(a)(4). ("The purpose of this chapter is to ... provide effective mechanisms for dealing

with cases of cross-border insolvency with the objectives of cooperation between the courts and

other competent authorities of foreign countries involved in cross-border insolvency cases ...

[and] protection and maximization of the value of the debtor's assets.").  Courts have recognized

consistently that "[p]romoting a successful reorganization is one of the most important public interests in a bankruptcy case. *In re TMT Procurement Corp..*, No. 13-33763 (Bankr. S.D. Tex. 2014) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571 (5th Cir. 2002)).

35.      Accordingly, the Petitioner respectfully requests that this Court apply the automatic stay, on a provisional basis, to temporarily halt the US Litigation Matters to protect Pantech's assets in the United States, pending Chapter 15 recognition of the Korea Proceeding.

### iii.   The Custodian will Satisfy the Requirements of a Permanent Injunction

In light of the foregoing, the Custodian will satisfy the Eleventh Circuit's standards for a permanent injunction, which are the same as the standards for a preliminary injunction.  In the Eleventh Circuit, "'[t]he standard for a permanent injunction is essentially the same as for a preliminary injunction except that the plaintiff must show actual success on the merits instead of a likelihood of success.'"  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004) (quoting *Siegel*, 234 F.3d at 1176 (Carnes, J. dissenting)(internal citations omitted)).

### IV.   THE PROPOSED NOTICE AND HEARING ON RECOGNITION

36.      Bankruptcy Rule 1011(b) provides that a party be provided 21 days' notice of the filing of a Chapter 15 petition. Fed. R. Bankr. P. 1011(b). Bankruptcy Rule 2002(q)(l) provides that a party is to be given 21 days' notice of a hearing to consider granting the relief requested in a Chapter 15 petition. Fed. R. Bankr. P. 2002(q)(l). Bankruptcy Rule 9007 permits the Court to prescribe the time, form, and manner in which notice shall be given. Fed. R. Bankr. P. 9007.

37.      Bankruptcy Rule 1011(b) also provides that any party objecting to a petition for recognition under Chapter 15 shall file such objection within 21 days of that upon which notice

is served. Fed. R. Bankr. 1011(b). The Petitioner proposes to serve notice of the Petition within three business days of the date of the order granting the Application.

38.     As set forth in the Application, the Petitioner requests that the Recognition Hearing be scheduled for a date to be determined and agreed upon by the Court and Petitioner on or after November 05, 2014. This will provide the required 21 days' notice and will allow sufficient time for objections to the Petition, if any, to be received in advance of the hearing. Notice of the Recognition Hearing, together with any order granting the Application, will be provided to: (i) the Debtor; (ii) Mr. Lee, as Custodian of Pantech; (iii) all parties to the US Litigation Matters; (iv) the Office of the United States Trustee of the Northern District of Georgia; and (v) such other parties as the Court may direct (collectively, the "Notice Parties"). The Petitioner proposes to notify the Notice Parties by e-mail, facsimile, and/or express mail.

39.     Such notice meets the requirements of Rule 2002(q) because it is provided to the required parties within the proscribed time period, and it is also in keeping with the Court's "discretion to set the particularities of notice procedure" pursuant to Rule 9007. *In re Pierce*, 435 F.3d 891, 892 (8th Cir. 2006) (affirming district court's affirmance of the bankruptcy court's issuance of an order based on a negative notice—without holding an evidentiary hearing).

<u>**CONCLUSION**</u>

40.     The Petitioner respectfully submits that the Petition satisfies the requirements for the recognition of Mr. Lee, as Pantech's "foreign representative," and for recognition of the Korea Proceeding as its "foreign main proceeding." The Petitioner further respectfully requests entry of an order provisionally applying the automatic stay of section 362 to the US Litigation Matters pursuant to sections 105(a) and 1519(a) pending issuance of the Recognition Order, as

well as scheduling the Recognition Hearing and approving the form and manner of notice to

interested parties.


Dated: October 16, 2014              By: */s/ Alan A. Wright*
                                          Alan A. Wright
                                          awright@park-law.com (*pro hac vice* pending)
                                          H.C. Park & Associates, PLC
                                          1894 Preston White Drive
                                          Reston, VA 20191
                                          Phone:  (703) 288-5105
                                          Fax:  (703) 288-5139

                                          */s/ Michael J. Jacobs*
                                          Michael J. Jacobs
                                          Georgia Bar No. 388288
                                          Jacobs Legal, LLC
                                          Northside Tower, Suite 622
                                          6065 Roswell Road
                                          Sandy Springs, GA 30328
                                          Phone:  (404) 826-8660
                                          Fax:  (404) 393-8660
                                          mike@mikejacobslegal.com

                                          *Attorneys for Custodian Mr. Joonwoo Lee as*
                                          *Foreign Representative for Pantech Co. Ltd.*